HOWARD S. JONES, ASSIGNEE, ETC.. OF FRANK V. WILKINSON, APPELLANT, v. THE NATIONAL BANK OF NORTH HUDSON, RESPONDENT.

Submitted June 30, 1920—Decided April 23, 1921.

After a check is certified by a bank, at the request of the holder or payee, the defence that the check is void because the consideration is illegal is not open to the bank. The transaction is this: the bank says the check is good, we will pay it now, if you will receive it; the holder then says, no, I will not take the money now, you may retain it for me until the check is presented for payment; the bank replies, very well, we will do so. Thus, substituting a new contract between the holder of the check and the bank. *Times Square Automobile Co.* v. *Rutherford National Bank*, 77 *N. J. L.* 649, applied and followed.

On appeal from the District Court.

Before Justices SWAYZE, PARKER and BLACK.

For the appellant, *William Harris.*

For the respondent, *John Warren.*

The opinion of the court was delivered by

BLACK, J. The facts of this case are not disputed. The essential facts are: On November 22d, 1919, Otto Kuhn, a

saloonkeeper of West Hoboken, New Jersey, ordered from the
Blended Whiskey Distributing Company, plaintiff's assignor,
five barrels of whiskey, at a price something over $900, pay-
ing $100 in cash, giving a check on the defendant bank for
$400. On November 24th, the payee of the check, Blended
Whiskey Company, had the check certified by the defendant
bank. No part of the whiskey was ever delivered. On No-
vember 28th, Kuhn, the maker of the check, notified the bank
to stop payment on the check, so the defendant bank, in com-
pliance with this notice, refused payment. Hence, the suit
was brought to recover the amount of the check. The plaint-
iff concedes that he represents the Blended Whiskey Distribut-
ing Company, the payee of the check, for the purpose of merely
bringing the suit. He contends that the defendant is pre-
cluded from a defence of the suit, under paragraph 188 of the
Uniform Negotiable Instruments act (*Pamph. L.* 1902, *p.*
614; *Comp. Stat., p.* 3756), and the construction given to
that act by our Court of Errors and Appeals in the case of
*Times Square Automobile Co.* v. *Rutherford National Bank,*
77 *N. J. L.* 649.

The trial court attempted to distinguish this case from that
case on the ground that the novation of the parties created by
the certification of the check for the holder rests upon the
discharge under the terms of the act of all prior parties upon
the check. It presupposes a contract valid and enforceable
at the time when the bank made the certification. If the
check is absolutely void—not voidable merely—the maker was
never liable upon it; the novation rests upon no considera-
tion, as there can be, properly speaking, no release from a
purported contract which is void *ab initio.* The trial court
found the purported sale was illegal—was in violation of the
Federal War Prohibition act, passed November 21st, 1918,
which forbade the sale, after June 30th, 1919, of distilled
spirits for beverage purposes. *Held,* the check had no va-
lidity. This defence was available to the bank. Judgment
was therefore given for the defendant, hence this appeal.
Under our reading of the case of *Times Square Automobile*

*Co.* v. *Rutherford National Bank, supra,* we think the distinction attempted to be drawn and applied by the trial court is not sound. That case, in express language, says, having accepted the plaintiff's money, and issued to him a certificate of deposit therefor, it did not concern the defendant from whom or how or under what circumstances the money had been obtained. Its contract required it to pay the amount of the deposit to the plaintiff, or its order; it could not avoid its obligation to do so by showing that the plaintiff had fraudulently obtained the money which it had deposited with the defendant. It is as if the bank had said, when the check was presented, we will pay it now, if you will receive it, and the holder had said, no, I will not take the money now; you may retain it for me until the check is presented for payment; then the bank says, very well, we will do so, thus substituting a new contract between the holder and the bank. So, that case holds, as we read it, when a check of a depositor is certified by a bank, at the request of the holder, the obligation of the bank to the holder is the same as if the money called for by the check had been actually paid out by the bank to the holder, redeposited by the latter to his own credit, and a certificate of deposit issued to him. If such is not the application of that case to the facts of the present case, then the defence must rest, as was so aptly said by Mr. Justice Garrison, upon the notion, that words have no settled meaning or that language is powerless to express thought. *Foley* v. *City of Orange,* 91 *N. J. L.* 555. The defence interposed should have been overruled and a verdict directed for the plaintiff. The judgment under review will be reversed.